Curia, per

O’Neall, J.
The first ground of appeal presents the question, can the depositions of a witness, who, when examined, was out of the State, and who is still out of it, in a former case, between the same parties, be read in evidence in a subsequent case 1 The rule generally is, that what a witness, who is now dead, beyond seas, or insane, formerly testified between the same parties, and on the same matter in issue, may be given in evidence. 1 Green. Ev. sec. 163 — Drayton vs. Wells, (1 N. & McC. 409). But I should hesitate long to admit depositions of a witness out of the State, under that rule. For it will be at once seen, that he has not removed since his former examination ; he is now exactly where he was then; the same means which then obtained his examination can now obtain it. Mr. Greenleaf, in his 1st. vol. note to sec. 163, states a similar matter thus. — “ If he (the witness) is merely out of the jurisdiction, but the place is known, and his testimony can be taken under *182 commission, it is a proper case for the Judge to decide in his discretion, and upon all the circumstances, whether the purposes of justice will be best served by issuing such com mission, or by admitting th'e proof of what-he formerly testified.” This would be- enough for this case; for the Judge exercised his discretion.But I should think it safest to say there is no discretion in the matter, and that he ought to be examined de novo.
On recurring to the process, it is, however, plain, that the matter then in issue is not the same, in every respect, with that now before the Court. In the process the plaintiff’s demand is stated to be, “ for so much money advanced to the defendant on account of a sealed note on .George Clark in favor of defendant, which the defendant promised, in. consideration of the money being advanced,- to refund, provided the plaintiff was not allowed a- discount for said sealed note, on the trial of a case then' pending, wherein said George Clarke was plaintiff, and your petitioner was defendant; and your petitioner avers he was not allowed a discount for said note, on -the trial of said case.” There the single issue was, if the case stated were proved, so far as the agrément' set out, then had the discount been allowed ? Here, however, the plaintiff sues on the written contract, by which the defendant promised to pay to the plaintiff “ when I collect the note, or if not collected, to return the said note.” This presents - very different matters.. For if the plaintiff could show the note was in any way collected, or if it was not. collected by the nég-. lect of the defendant, or if not returned or offered to be returned to the plaintiff, the defendant might be -liable:' There is, therefore, no propriety in receiving the depositions' in evidence. In connexion with this ground I may remark, on the 8th ground, that neither the report of the case of Tucker vs. Clarke for the Court of Appeals, the grounds of appeal, nor a decree written by the Judge below, and struck out, were evidence. Neither of them can be classed as records, and of consequence are not evidence. . '
2; The record of George Clarke against this defendant was properly received as evidence, not as. conclusive of any thing ; *183 but merely as a fact necessary to make out the defendant’s de-fence. For he was hound to show that he had offered the note in discount, in that case, as one means of collecting it, and that he had failed in that attempt. This was especially the case, when it appeared, as it did in the progress of the case, that he had received it for that very purpose.
3. The third and fourth grounds together, make the question whether the note under the circumstances could have been allowed, as a discount in the case of George Clarke vs. George B. Tucker. It is very clear it could not. For although Tucker had the sealed note payable to the plaintiff in his possession before the writ was sued out by Clarke, yet it was not assigned until afterwards. It was then not a subsisting demand belonging to the defendant at the time suit was brought, and could not be allowed as a discount.
4. Upon the fifth ground, it is only necessary to remark, that having received the note for the purpose of setting it off against Clarke’s demand, the defendant had the right to retain it until he made the effort. Declining to give it up before he had offered it in discount, and it had been rejected as such, is no cause of complaint to the plaintiff.
5. As to the sixth ground, it seems to me the plaintiff has mistaken on whom the onus of proof rested. After the defendant showed that he had offered to return the note, the plaintiff was bound to prove either that it was collected, or had not been collected by the neglect of defendant. For the defendant was not bound to prove a negative, that he had not collected the note.
6. On the seventh ground I have only to say, that the receipt is not at all affected by the parol proof, that the note was received for the purpose of being offered in discount. That was one means of collecting it.
7. The ninth ground assumes strange positions. The note was pleaded in discount; this appears by the record; it was withdrawn; this appears also by the record, the order made in the cause. Why was it withdrawn? This is a fact, which is ascertained by the proof, that the assignment was made after *184 suit 'brought. , This fact, like many others, which do not appear by the record, might be shown by parol: The party was not bound to appeal. He took, however, the responsibility of showing ' that he could not legally have been allowed the discount, and, therefore, he withdrew it. This he has done.
The motion for a new trial is dismissed.
Evans, Wardlaw, Fiiost, and Withers, JJ. concurred.

Motion’dismissed.